UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>             Petitioner,<br><br>     v.<br><br>RICK HILL, Warden, et al.,<br><br>             Respondents. | 1:12-CV-01807 LJO BAM HC<br><br>FINDINGS AND RECOMMENDATION REGARDING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on November 5, 2012, Petitioner challenges his 2005 conviction sustained in Fresno County Superior Court for second degree murder, vehicular manslaughter, evading police, possession of controlled substance for sale, transportation of controlled substance, and leaving the scene of a crime. A review of the Court's dockets and files shows Petitioner has already sought habeas relief with respect to this conviction in Williams v. Hill, case no. 1:10-cv-00410 DLB HC. In that case, the petition was dismissed with prejudice for violating the statute of limitations.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED as successive.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

1  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
2  Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file
3  written objections with the Court.  Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling
5  pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
7  1153 (9th Cir. 1991).

  IT IS SO ORDERED.

  **Dated:   November 27, 2012**            /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE