UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>        Petitioner,<br><br>   v.<br><br>RICK HILL,<br><br>        Respondent. | Case No. 1:12-cv-01807-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL OF HIS PETITION AS SUCCESSIVE (DOC. 16) AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

    Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his homicide conviction. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

    I.   <u>Background</u>

    On December 19, 2012, the Court adopted the Magistrate Judge's findings and recommendations regarding screening the petition, dismissed the petition as a successive petition, and declined to issue a certificate of appealability; judgment was entered. (Docs. 7, 9, 10.) Petitioner filed a notice of appeal, but on November 21,

1

2013, Petitioner's request for a certificate of appealability was denied by the appellate court, and on February 5, 2014, the Ninth Circuit Court of Appeals referred to the case in a later order as being closed. (Doc. 4.)

Presently pending before the Court is Petitioner's motion, which was filed on March 5, 2014, and is entitled, "NOTICE OF MOTION 60(B)(6) TO THE DENIAL OF REVIEW OF PROCEDURAL DEFAULT MODIFICATION OF SENTENCE TO AN DETERMINATE PRISON TERM," which the Court CONSTRUES as a motion for reconsideration of the Court's dismissal of Petitioner's petition.

II. Motion for Reconsideration

In the motion, Petitioner asks for modification of his sentence based on insufficient evidence and excessive punishment because the judgment was based on a violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments. Petitioner argues that he suffered the ineffective assistance of counsel in the form of his counsel's failure to raise issues regarding the sufficiency of the evidence and the application of state law principles involving malice and felony murder. (Doc. 16.) It is clear that Petitioner is challenging the same conviction and judgment that was the basis of the petition that this Court dismissed and that further was the subject of Petitioner's unsuccessful appeal.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing

party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored. A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as

appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, Petitioner has not shown any law or facts that reflect any abuse of discretion, clear error, or manifest injustice.

Petitioner argues that his failure to raise issues earlier should be excused because he suffered the ineffective assistance of counsel. However, Petitioner's claims clearly relate to the same homicide conviction that this Court has determined was previously the subject of a petition, and thus Petitioner continues to attempt to bring a successive petition without the permission of the Ninth Circuit Court of Appeals.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence,

and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.  Section 2244(b))3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in the district court.  See, Felker v. Turpin, 518 U.S. 651, 656-57 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Thus, it appears that this Court lacks jurisdiction to proceed with the petition.  Petitioner has not shown any basis for relief pursuant to Rule 60.

III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention

complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, is does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

IV. Recommendations

In accordance with the foregoing, it is RECOMMENDED that:

1) Petitioner's motion for reconsideration be DENIED; and

2) The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 3, 2014**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

7